IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY-ELLEN MARLEY,<br><br>           Plaintiff,<br><br>   v.<br><br>PATRICK R. DONAHUE, *POSTMASTER GENERAL OF THE UNITED STATES POSTAL SERVICE*, et al.,<br><br>          Defendants. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>Civil No. 14-1597 (JBS/JS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

This matter comes before the Court by way of Defendants' motion to dismiss <u>pro</u> <u>se</u> Plaintiff Mary-Ellen Marley's (hereinafter, "Plaintiff") Complaint without prejudice, or for a more definite statement, pursuant to Federal Rules of Civil Procedure 8(a) and (d), 10(b), and 12(e).[1]  [Docket Item 12.] The Court finds as follows:

1.   On March 12, 2014, Plaintiff filed her sixty-eight page Complaint, which includes ten counts alleging that Defendants violated an array of federal statutes, in addition to

---

[1] Though styled in part as a motion to dismiss, Defendants lodge no substantive challenges, under Rule 12(b) or otherwise, to Plaintiff's Complaint.  Rather, Defendants request dismissal without prejudice or the striking of Plaintiff's Complaint as the relief associated with Defendants' motion for a more definite statement under Rule 12(e).  The Court therefore need not address the viability of Plaintiff's claims, beyond that incidentally required by the Court's evaluation under Rule 12(e).

two sets of numbered paragraphs: one entitled "Constructive Discharge Retaliation" and the other entitled "State of Facts Continued[.]" (See Compl. at 1-68.) In her Complaint, comprised of lengthy factual averments, Plaintiff generally alleges that her former employer, the United States Postal Service, subjected her to gender, age, and disability discrimination, and retaliated against her on account of Plaintiff's various complaints concerning her discriminatory treatment. (See id. at 5-9.) In support of these allegations, Plaintiff sets forth, in chronological order, factual allegations concerning an array of purportedly unlawful instances that occurred during her twenty-five year career as a letter carrier. (See id. at 11-68.)

2. In the pending motion, Defendants, relying primarily upon the factual density and length of the pleading, argue that Plaintiff's pro se Complaint "self-evidently violates the pleading requirements of the Federal Rules" because it fails to clearly outline Plaintiff's "specific" discrimination and retaliation claims, and because it leaves unclear whether Plaintiff timely exhausted certain claims. (Defs.' Br. at 5, 9-10.) Defendants therefore argue that the Court should require Plaintiff to file a more definite pleading that specifically identifies the allegations that "form the basis of Plaintiff's claims," rather than those "allegations included only for

2

background, context, or color." (<u>Id.</u> at 11 (citation omitted).)
Absent such refinement, Defendants assert that Plaintiff's
Complaint renders them unable to formulate a cogent response and
to otherwise proceed with this litigation. (<u>Id.</u>)

3.   Plaintiff asserts in opposition that her Complaint
comports with the notice requirements of the Federal Rules
because "it describes the 'types of acts or practices alleged to
be in violation of the law[.]'" (Pl.'s Opp'n at 1-2.)
Plaintiff therefore argues, principally in reliance on the
disfavored view of Rule 12(e) motions, that Defendants should be
directed "to answer all claims set forth by [] Plaintiff." (<u>Id.</u>
at 4.)

4.   Under Federal Rule of Civil Procedure 12(e), a
defendant may move for a more definite statement if the pleading
"is so vague or ambiguous that the party cannot reasonably
prepare a response." FED. R. CIV. P. 12(e).  The moving party
"must point out the defects complained of and the details
desired."  <u>Id.</u>  Rule 12(e) motions can, accordingly, provide a
useful mechanism to resolve ambiguity and to obtain the "factual
basis underlying a plaintiff's claim for relief." <u>U.S. v.</u>
<u>Independence Twp.</u>, 463 F.3d 285, 301 (3d Cir. 2006).  Motions
for a more definite statement, however, are "generally
disfavored," particularly in light of the liberal pleading
standards under the Federal Rules.  <u>Premier Payments Online,</u>

3

Inc. v. Payment Sys. Worldwide, 848 F. Supp. 2d 513, 522 (E.D. Pa. 2012) (citation omitted); see also Fᴇᴅ. R. Cɪᴠ. P. 8.  Rule 12(e) therefore endeavors to address a pleading that "is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to [itself]." Clark v. McDonald's Corp., 213 F.R.D. 198, 232–33 (D.N.J. 2003) (citations and internal quotation marks omitted). Rule 12(e), accordingly, provides a remedy for an "unintelligible" pleading, but does not serve as a mechanism to correct a pleading merely lack in detail.  Premier Payments Online, Inc. v. Payment Sys. Worldwide, 848 F. Supp. 2d 513, 522 (E.D. Pa. 2012) (citation omitted).  Nor does a Rule 12(e) motion serve as a means to elucidate information obtainable through the discovery procedures of the Federal Rules.  MK Strategies, LLC v. Ann Taylor Stores Corp., 567 F. Supp. 2d 729, 737 (D.N.J. 2008) (noting that Rule 12(e) motions are not appropriate where the more definite statement sought "presents a proper subject for discovery").  Rather, courts grant motions for a more definite statement only where the allegations lack sufficient specificity to enable a defendant "to determine the propriety of interposing in his answer a waivable defense," where the nature of the complaint leaves the defendant unable, without prejudicing itself, to respond with "'a general

denial,'" or in order "to pare down 'shotgun' pleadings."
Clark, 213 F.R.D. at 232–33 (D.N.J. 2003) (citations omitted).

5.   Resolution of a motion under Rule 12(e) rests "largely
[in] the discretion of the district court." Clark, 213 F.R.D. at
232.  However, "[b]ecause there is potential that Rule 12(e)
could require more specificity than that required by Rule 8(a)
(2) and therefore be prone to abuse by defendants, its exercise
should be cast in the mold of strictest necessity."[2] Gittens v.
Experian Information Solutions, Inc., No. 13-5534, 2014 WL
1744851, at *2 (D.N.J. Apr. 30, 2014) (citations and internal
quotation marks omitted).  Moreover, courts must liberally
construe pro se complaints, and must hold such pleadings,
however inartfully plead, to a less stringent standard than that
expected of an attorney. See Estelle v. Gamble, 429 U.S. 97, 106
(1976); Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002).

6.   As stated above, Defendants generally challenge the
alleged prolixity of Plaintiff's Complaint, and argue that
Plaintiff's Complaint fails to outline her specific claims of
discrimination or retaliation, in addition to failing to
demonstrate whether Plaintiff administratively exhausted such
claims. (Defs.' Br. at 9.)  The Court, however, does not find
Plaintiff's Complaint to be unintelligible, vague, or ambiguous,

---

[2] Rule 8(a) requires only a short and plain statement of the
claim in order to demonstrate the plaintiff's entitlement to
relief.  FED. R. CIV. P. 8(a)(2).

as required to grant a Rule 12(e) motion.  Nor is the Court
convinced by Defendants' assertions concerning the limited
specificity of Plaintiff's pleading.  (See generally Defs.' Br.)
Rather, Plaintiff's Complaint, though lengthy, sets forth, with
significant detail, the nature of the alleged workplace conduct
that gives rise to Plaintiff's employment discrimination and
retaliation claims.  (See generally Compl.)  Indeed, the
allegations delineate chronologically the specific dates, times,
and individuals implicated in the substantive allegations set
forth in her Complaint.  (See generally Compl.)  Moreover,
Plaintiff provides further support for her allegations through
detailed citations to the numerous exhibits appended to
Plaintiff's pleading.  In that regard, the overall tenor of
Plaintiff's Complaint enables Defendants, through appropriate
effort, to formulate a good faith response to Plaintiff's
Complaint, even if in the form of a blanket denial of her
allegations.  Clark, 213 F.R.D. at 232-233 (noting that a Rule
12(e) motion should only be granted where the pleading "is so
vague or ambiguous" that it renders the opposing party unable to
prepare a good faith response).  Moreover, to the extent
Defendants seek further explication of the allegations that form
the predicate for Plaintiff's claims (see Defs.' Br. at 11),
Defendants remain free to seek clarifications concerning such
details through discovery, by, for example, serving contention

interrogatories under Federal Rule of Civil Procedure 33(a)(2).

Idearc Media Corp. v. Advanced Directory Sales, Inc., No. 09-
1034, 2009 WL 1803907, at *2 (D.N.J. June 25, 2009) ("'It is not
the function of 12(e) to provide greater particularization of
information alleged in the complaint or which presents a proper
subject for discovery.'") (citation omitted).  Lastly, to the
extent Defendants argue that Plaintiff's averments fail to
demonstrate whether Plaintiff properly exhausted her
administrative claims prior to proceeding with this action (see
Defs.' Br. at 5), the Court notes that Plaintiff's Complaint
clearly delineates the procedural history of the administrative
proceeding before the Equal Employment Opportunity Commission
(hereinafter, the "EEOC").  (See, e.g., Compl. at 25 ¶ 61 – 35 ¶
99.)  Moreover, Plaintiff appended to her Complaint a letter
from the EEOC dated December 13, 2013, in which the EEOC states
that Plaintiff has "the right to file a civil action in an
appropriate United States District Court[.]"  (Id. at Ex. 58.)

7.  For all of those reasons, the Court concludes that
Plaintiff's Complaint sets forth fair notice of the nature of,
and underlying grounds for, Plaintiff's claims, and sufficiently
enables Defendants to fashion an appropriate response.  See MK
Strategies, LLC, 567 F. Supp. 2d at 736 (denying defendant's for
a more definite statement where plaintiff's complaint, though
"not the model of particularity," enabled defendant to "respond

7

in good faith."). Consequently, Defendants' motion for a more definite statement will be denied.

8. An accompanying Order will be entered.

**October 14, 2014**
Date

**s/ Jerome B. Simandle**
JEROME B. SIMANDLE
Chief U.S. District Judge